# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CLARENCE EUGENE ROBINSON,

    Petitioner,

vs.                                   Case No.:    3:16-cv-802-J-32JRK
                                                                3:08-cr-205-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Clarence Eugene Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and Supporting Memorandum (Civ. Doc. 11, Memorandum).[1] Petitioner pled guilty to conspiracy to distribute oxycodone, hydrocodone, and alprazolam, as well as possession of a firearm by a convicted felon. (See Crim. Doc. 50, Plea Agreement). The Court sentenced Petitioner to a term of 235 months in prison after determining he was an armed career criminal. (See Crim. Doc. 59, Judgment). Petitioner raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 18,

---

[1]     Citations to the record in the underlying criminal case, United States v. Clarence Eugene Robinson, No. 3:08-cr-205-J-32JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-802-J-32JRK, will be denoted as "Civ. Doc. __."

1

Response), and Petitioner has replied (Civ. Doc. 19, Reply). Thus, the matter is ripe for review.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's § 2255 Motion is due to be denied.

## I. The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the

2

"enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. Id. at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017), cert. denied, — S. Ct. —, 2019 WL 659904 (Feb. 19, 2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions rendered afterward holding that an offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can prove that the sentencing court relied on the residual clause in two ways. First, the prisoner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will

> sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.

Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

4

## II. Discussion

As an initial matter, Petitioner is not entitled to relief from his ACCA sentence because he has not carried his burden under Beeman. Petitioner has not submitted evidence that indicates, directly or indirectly, that the Court relied on the residual clause at the time it sentenced him. Because Petitioner cannot show that the Court "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," Beeman, 871 F.3d at 1221, he is not entitled to relief under Johnson.

Additionally, the record shows that at sentencing, the United States supported the ACCA enhancement by submitting Shepard[2] documents from the following prior convictions: (1) attempted robbery under Florida law, (2) two counts of aggravated assault under Florida law, (3) two counts of assaulting a federal agent with a deadly weapon, in violation of 18 U.S.C. § 111, and two counts of aggravated battery under § 784.045, Fla. Stat., all arising from the same incident, as well as (4) armed robbery under Florida law. Under binding circuit precedent, each of these prior convictions still qualifies as a violent felony following Johnson.[3]

---

[2]   Shepard v. United States, 544 U.S. 13 (2005).
[3]   Petitioner also has a prior federal conviction for conspiracy to possess methaqualone with intent to distribute. (See Crim. Doc. 50 at 18; PSR at ¶ 43). At the time, methaqualone was a Schedule II controlled substance. United States v. Dunbar, 590 F.2d 1340, 1342 (5th Cir. 1979) (affirming the conviction of Petitioner's co-conspirator, Dr. William Dunbar). As a Schedule II controlled substance, the offense was then punishable by up to 20 years in prison. 21 U.S.C. § 841(b)(1)(C) (1970). The offense therefore seems to meet the criteria for a "serious drug offense." See 18 U.S.C. § 924(e)(2)(A)(i). But because the United States did not raise this offense as an ACCA predicate in its response, the Court will not consider the offense further.

## A. Violent Felony Number One: Attempted Robbery

As Exhibit 1 at sentencing, the United States submitted an information which alleged that on August 10, 1969, Petitioner "by force and violence and assault, and by putting in fear," robbed a victim of $451.26 in currency. (Crim. Doc. 58-2, Gov't Sentencing Ex. 1 at 1). The judgment, which was entered on January 25, 1971, reflects that Petitioner pled guilty to "attempted robbery." (Id. at 3). Although neither the information nor the judgment cited a particular statute, robbery was then a crime under § 813.011, Fla. Stat. (1969) (renumbered § 812.13, Fla. Stat.). The former § 813.011 provided:

> Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.

Burney v. State, 800 So. 2d 662, 663 (Fla. 2d DCA 2001) (quoting § 813.011, Fla. Stat. (1969)). Section 813.011 was later replaced with § 812.13, but the crime of robbery has consistently required the use of force, violence, assault, or putting in fear. Compare § 813.011, Fla. Stat. (1969) with § 812.13, Fla. Stat. (1992); see also Burney, 800 So. 2d at 663 (stating that § 812.13 parallels the 1969 statute). Thus, the element of using force, violence, assault, or putting in fear has remained unchanged since Petitioner committed the offense in 1969.

The United States Supreme Court and the Eleventh Circuit Court of Appeals have each held that robbery under Florida law is categorically a violent felony under the ACCA's elements clause because it includes the element of force, violence, assault,

or putting in fear. Stokeling v. United States, 139 S. Ct. 544, 554-55 (2019); United States v. Fritts, 841 F.3d 937, 939-44 (11th Cir. 2016); United States v. Seabrooks, 839 F.3d 1326, 1338-45 (11th Cir. 2016); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006); see also United States v. Lockley, 632 F.3d 1238, 1245 (11th Cir. 2011) (attempted robbery under Florida law is a "crime of violence" under the career offender guideline's elements clause, U.S.S.G. § 4B1.2(a)(1)). Although Petitioner's conviction was for attempted robbery rather than a completed robbery, that distinction makes no difference. "Because Florida strong-arm robbery, armed robbery, and attempted robbery are all treated the same for purposes of analyzing the ACCA's elements clause, we do not distinguish between them." United States v. Lee, 886 F.3d 1161, 1163 n.1 (11th Cir. 2018). See also United States v. St. Hubert, 909 F.3d 335, 351-53 (11th Cir. 2018) (attempted Hobbs Act robbery, no less than completed Hobbs Act robbery, involves the use, attempted use, or threatened use of physical force against the person of another, so as to qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)'s elements clause). As the Eleventh Circuit observed in St. Hubert, "when a substantive offense qualifies as a violent felony under the ACCA, an attempt to commit that offense also is a violent felony." Id. at 352 (citing with approval Hill v. United States, 877 F.3d 717, 719 (7th Cir. 2017)).

In his Memorandum, Petitioner argues that his attempted robbery conviction did not necessarily involve the use, attempted use, or threatened use of violent force because before 1997, when the Florida Supreme Court decided Robinson v. State, 692 So. 2d 883 (Fla. 1997), robbery could have been committed by mere "snatching." (Civ.

7

Doc. 11 at 7-9). However, the Eleventh Circuit rejected this argument in Fritts, 841 F.3d at 942-43, and Seabrooks, 839 F.3d at 1343-44. As the Eleventh Circuit explained: "In fact, in Robinson, the Florida Supreme Court made clear that the § 812.13 robbery statute has never included a theft or taking by mere snatching because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction under § 812.13(1)." Fritts, 841 F.3d at 942-43 (emphasis in original) (citing Robinson, 692 So. 2d at 886). And, "[w]hen the Florida Supreme Court in Robinson interprets the robbery statute, it tells us what that statute always meant." Id. at 943 (citing Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994)). "Indeed, since 1922, the Florida Supreme Court has held that 'the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance.'" Id. (quoting Montsdoca v. State, 93 So. 157, 159 (Fla. 1922)). Accordingly, that Petitioner was convicted before 1997 does not alter the conclusion that the crime categorically involved "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

In his Reply brief, Petitioner "recognizes that his 1970 attempted robbery and 1984 robbery convictions remain 'violent felonies" under recent Eleventh Circuit decisions on the issue." (Civ. Doc. 19 at 11) (citing Fritts, 841 F.3d at 943-44; Seabrooks, 839 F.3d at 1339). Petitioner maintains that those precedents were wrongly decided (id. at 11-12), but that argument is now foreclosed by the Supreme Court's decision in Stokeling, 139 S. Ct. 544. As such, the Court is bound to conclude that Petitioner's prior conviction for attempted robbery remains a violent felony under

8

the ACCA's elements clause.

**B. Violent Felony Number Two: Aggravated Assault**

As Exhibit 2 at sentencing, the United States submitted two informations which alleged that on March 11, 1970, Petitioner assaulted two victims "by an act eminently dangerous to another" and with "a depraved mind regardless of … life." (Crim. Doc. 58-3, Gov't Sentencing Ex. 2 at 1, 4). The informations further alleged that Petitioner assaulted the victims using a pistol. (Id.). The judgments show that Petitioner was ultimately convicted of two counts of aggravated assault. (Id. at 3, 6).

At the time of Petitioner's conviction, aggravated assault was a crime under § 784.04, Fla. Stat. (1967) (renumbered § 784.021, Fla. Stat.). The former § 784.04 provided:

> Whoever assaults another with a deadly weapon, without intent to kill, shall be guilty of an aggravated assault, and shall be punished by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year ….

§ 784.04, Fla. Stat. (1967). The underlying concept of "assault" was not defined by statute until 1975. State v. White, 324 So. 2d 630, 631 & n.1 (Fla. 1975). But before then, Florida's courts defined "[s]imple assault … as 'an intentional, unlawful threat by word or act <u>to do violence to the person of another</u> coupled with an apparent ability to do so, and doing some act which creates a well founded fear of such violence being done.'" State v. Wilson, 276 So. 2d 45, 46 (Fla. 1973) (emphasis added) (footnote omitted); see also Wilson v. State, 265 So. 2d 411, 413 (Fla. 4th DCA 1972) (citing Fla. Stnd. Crim. Jury Instr. 2.05), quashed on other grounds, 276 So. 3d 45. In 1975,

9

Florida codified Wilson's definition of assault almost verbatim, providing that "[a]n 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011, Fla. Stat. (1975); accord Wilson, 276 So. 2d at 46.

In Turner v. Warden Coleman FCI (Medium), the Eleventh Circuit held that aggravated assault under § 784.021, Fla. Stat., is categorically a violent felony under the ACCA's elements clause. 709 F.3d 1328, 1337-38 & n.6 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. 2551. Like the aggravated assault statute under which Petitioner was convicted, § 784.021 necessarily involves the commission of an assault, defined as "'an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.'" Turner, 709 F.3d at 1337–38 (quoting § 784.011, Fla. Stat.). The Eleventh Circuit held that aggravated assault is a violent felony because of what the underlying concept of assault entails: "Florida aggravated assault [is] a violent felony here, because by its definitional terms, the offense necessarily includes an assault, which is 'an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so." Id. at 1338 (emphasis in original). Because Petitioner's aggravated assault convictions necessarily included the same underlying offense of assault, see § 784.04, Fla. Stat. (1967); Wilson, 276 So. 2d at 46, the convictions remain an ACCA predicate under Turner.

Petitioner contends that <u>Turner</u> is not binding because it was wrongly decided and that <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), abrogated its holding. (Civ. Doc. 11 at 11-13). But the Eleventh Circuit rejected this argument, holding that "<u>Turner</u> is binding" and "even if <u>Turner</u> is flawed, that does not give us, as a later panel, the authority to disregard it." <u>United States v. Golden</u>, 854 F.3d 1256, 1257 (11th Cir.), <u>cert. denied</u>, 138 S. Ct. 197 (2017); <u>see also</u> <u>United States v. Kendricks</u>, — F. App'x —, 2018 WL 6584243, at *5 (11th Cir. Dec. 13, 2018) ("While Kendricks argues that <u>Turner</u> was wrongly decided, our decision remains binding unless and until it is overruled by this Court en banc or the Supreme Court."). Indeed, Petitioner seems to concede as much in his Reply brief. (Civ. Doc. 19 at 4). As such, <u>Turner</u> binds this Court to conclude that Petitioner's aggravated assault convictions qualify as a violent felony under the ACCA's elements clause.

### C. Violent Felony Number Three: Assaulting a Federal Agent with a Deadly or Dangerous Weapon, or Alternatively, Aggravated Battery

As Exhibit 3 at sentencing, the United States submitted a federal court judgment showing that Petitioner was convicted of two counts of "forcibly assaulting" a federal agent "us[ing] a deadly and dangerous weapon, that is, a .45 caliber handgun," in violation of 18 U.S.C. § 111. (Crim. Doc. 58-4, Gov't Sentencing Ex. 3 at 2). The United States also submitted documents from state court reflecting that Petitioner was convicted of two counts of aggravated battery under § 784.045, Fla. Stat., for touching or striking the victims by using a deadly or dangerous weapon, i.e., a handgun. (<u>Id.</u> at 3-5).

The convictions all arose from the same incident. On June 3, 1983, two FBI

agents were entering a restaurant in Orange City, Florida when they encountered Petitioner just as he was leaving. (See PSR at ¶ 45). One of the agents, Thomas Sobolewski, was suspicious of the man because he "fit the general description of Clarence Eugene Robinson," who was "wanted for questioning by the Seminole County Sheriff's Office in connection with a 1976 homicide of a deputy sheriff" and "was wanted on a federal warrant for bond jumping." (Id.). After the agents asked for Petitioner's identification, Petitioner drew a .45 caliber handgun "and a struggle ensued." (Id.). During the struggle, one of the agents was shot in the back and the other was shot in the abdomen, requiring both men to be hospitalized for several weeks. (Id.). Petitioner fled to Miami, Florida before surrendering. (Id.).

Because the federal convictions and the state-court convictions all arose from the same incident, the Court treats them as a single offense. If the elements of either crime involve the use, attempted use, or threatened use of physical force against the person of another, the offense qualifies as a violent felony. The United States does not argue that assaulting a federal agent with a deadly or dangerous weapon under 18 U.S.C. § 111 is categorically a violent felony under the elements clause. (See Civ. Doc. 18 at 5-6).[4] However, the United States argues that aggravated battery involving the

---

[4] Nonetheless, the Court notes that at least six other circuits have held that assaulting a federal agent with a deadly or dangerous weapon, as set forth under 18 U.S.C. § 111(b), categorically involves the use, attempted use, or threatened use of physical force against the person of another. United States v. Kendall, 876 F.3d 1264, 1270-71 (10th Cir. 2017); United States v. Taylor, 848 F.3d 476, 492-93 (1st Cir. 2017) ("In fact, every court we are aware of that has considered [whether § 111(b) is a violent felony or a crime of violence] has found that it is because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury.") (collecting additional cases); United States v. Rafidi, 829 F.3d 437,

use of a deadly weapon does qualify as such. (Id.). The Court agrees.

At the time Petitioner committed the offense, the aggravated battery statute provided: "(1) A person commits aggravated battery who, in committing battery: (a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or (b) Uses a deadly weapon." § 784.045(1)(a)-(b), Fla. Stat. (1979).[5] The information states that Petitioner was charged under § 784.045(1)(b), i.e., using a deadly weapon in the course of committing battery.

In Turner, the Eleventh Circuit held that Florida aggravated battery involving the use of a deadly weapon "is indubitably a violent felony under the elements clause." 709 F.3d at 1341. The crime "'has as an element the use, attempted use, or threatened use of physical force,' § 924(e)(2)(B)(i), indeed, '_violent_ force—that is, force capable of causing physical pain or injury to another person.'" Id. (emphasis in original) (quoting Johnson v. United States, 130 S.Ct. 1265, 1271 (2010)); In re Rogers, 825 F.3d 1335, 1340-41 (11th Cir. 2016). While Petitioner contends that Turner was wrongly decided (Civ. Doc. 19 at 10-11), the Eleventh Circuit has held that Turner remains binding precedent, Golden, 854 F.3d at 1257. See also Thornton v. United States, 737 F. App'x 991, 992 (11th Cir. 2018) (Florida aggravated battery is still a violent felony under the elements clause because Turner is binding). As such, Turner binds this Court to conclude that the aggravated battery convictions qualify as a violent felony

---

445-46 (6th Cir. 2016); United States v. Hernandez-Hernandez, 817 F.3d 207, 215 (5th Cir. 2016); United States v. Green, 543 F. App'x 266, 272 (3d Cir. 2013); United States v. Juvenile Female, 566 F.3d 943, 948 (9th Cir. 2009).
[5] These provisions correspond to §§ 784.045(1)(a)(1) and (1)(a)(2) of the current statute. See § 784.045, Fla. Stat.

13

under the ACCA's elements clause.

### D. Violent Felony Number Four: Armed Robbery

Finally, at sentencing the United States presented a judgment reflecting that on May 30, 1985, Petitioner was adjudged guilty of committing robbery with a firearm, in violation of § 812.13(2)(a), Fla. Stat. (Crim. Doc. 58-5, Gov't Sentencing Ex. 4 at 1). As noted in Section II.A, supra, Florida robbery qualifies as a violent felony under the ACCA's elements clause. See also Stokeling, 139 S. Ct. at 554-55; Fritts, 841 F.3d at 939-44; Seabrooks, 839 F.3d at 1343-44. Accordingly, this conviction is still a valid ACCA predicate.

### III. Conclusion

Petitioner has not met the threshold burden of proving that the Court relied on the residual clause when it imposed the ACCA enhancement. See Beeman, 871 F.3d at 1220-22. Additionally, binding precedent establishes that Petitioner has at least four prior convictions that qualify as a violent felony under the ACCA's elements clause. Because Petitioner's sentence does not depend on the residual clause, even today, Johnson affords him no relief. Therefore, in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED**:

1. Petitioner Clarence Eugene Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against

14

Petitioner, and close the file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of March, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner